IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHARON SANTILLI LEIGHTY,**

    **Plaintiff,**

  vs.                                              **Civil Action 2:14-cv-451**
                                                    **Judge Marbley**
                                                      **Magistrate Judge King**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**REPORT AND RECOMMENDATION**

**I.    Background**

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for a period of disability and disability insurance benefits.  This matter is now before the Court on *Plaintiff's Statement of Errors* ("*Statement of Errors*"), Doc. No. 12, and the *Defendant's Memorandum in Opposition*, Doc. No. 14.  Plaintiff, who is proceeding in this matter without the assistance of counsel, has not filed a reply.

Plaintiff Sharon Santilli Leighty filed her application for benefits on March 23, 2010, alleging that she has been disabled since October 15, 2008.  *PAGEID* 61, 262-266.  The application was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held on August 9, 2012, at which plaintiff, represented by counsel, appeared and testified, as did

Robert Eugene Leighty, Jr., who testified as a witness. *PAGEID* 72-73. Carl W. Hartung appeared as a vocational expert, but did not testify. *Id*. In a decision dated November 5, 2012, the administrative law judge found that plaintiff does not suffer a severe impairment and concluded that plaintiff was therefore not disabled from October 15, 2008, the alleged disability onset date, through the date of the administrative decision. *PAGEID* 66-67. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on March 15, 2014. *PAGEID* 33-35.

Plaintiff was 50 years of age on the date of the administrative law judge's decision. *See PAGEID* 67, 262. Plaintiff was last insured for disability insurance purposes on December 31, 2010. *PAGEID* 63. She has not engaged in substantial gainful activity since October 15, 2008, her alleged date of onset of disability. *Id*.

## II.  Medical Evidence

Plaintiff has treated with William B. Malarkey, M.D., for fatigue and hypothyroidism since 2004. *PAGEID* 397-408. On September 23, 2008, Dr. Malarkey observed no signs compatible with hypothyroidism. *PAGEID* 399. On September 10, 2009, Dr. Malarkey diagnosed hypothyroidism and noted that plaintiff had symptoms of fatigue, weight gain, palpitations, heartburn, constipation, diarrhea, stiffness in joints, back pain, headaches, nervousness, sleeplessness, and depression. *PAGEID* 397-98.

Plaintiff has treated with Camilla Curren, M.D., since at least July 2008, *PAGEID* 562, for, *inter alia*, back, hand, and hip pain; *id.*; depression and anxiety; *PAGEID* 471, 508, 536, 552; vertigo; *PAGEID* 467; insomnia; *PAGEID* 473; and fatigue. *PAGEID* 512-15. On June 26, 2009, Dr. Curren noted that plaintiff was continuing her "job hunt" and that her depression was stable with medication. *PAGEID* 455-56. *Id*. On August 20, 2009, plaintiff reported increased depression, increased anxiety, suicidal ideation, weight gain, fatigue, moderate hip pain, difficulty with word retrieval in conversations, falling asleep, memory loss, and "difficulty with recall and conc completing forms for schooling or insurance that she has not had before." *PAGEID* 449-50. Plaintiff had "retraining/assessment paperwork to fill out for continued disability since lost job at cch audiology due to fatigue/falling asleep/cognitive errors." *PAGEID* 449. Plaintiff was "less frequently anhedonic and looking into new career paths." *Id*. Dr. Curren diagnosed fibromyalgia, hip pain, hypothyroidism, depression, and other malaise and fatigue. *PAGEID* 452-53.

Dr. Curren completed a mental residual functional capacity assessment on April 16, 2012. *PAGEID* 664-68. Although Dr. Curren's assessment is not entirely legible, it is clear that she opined that plaintiff would be seriously limited, but not precluded, in four out of 20 areas related to the mental ability and attitude needed to work. *PAGEID* 666-67.

Plaintiff has treated with Leroy W. Essig II, M.D., for hypersomnolence. *PAGEID* 487 (September 2007), 485 (November 2007), 481 (October 2008), 478-79 (January 2009), 458 (June 2009). On March 16, 2009, Dr. Essig attributed plaintiff's hypersomnolence to depression and anxiety. *PAGEID* 464. In April 2009, plaintiff underwent a sleep study and was diagnosed with obstructive sleep apnea syndrome. *PAGEID* 491-92.

Plaintiff first treated with psychiatrist Michael Schottenstein, M.D., on November 11, 2008, and saw Dr. Schottenstein approximately every one to three months thereafter for psychiatric medication management. *PAGEID* 588, 591; 594-611, 684. Dr. Schottenstein diagnosed major depressive disorder, narcolepsy, fibromyalgia, and migraines. *PAGEID* 588. On April 29, 2010, Dr. Schottenstein found that plaintiff was oriented x3 and her mood and affect were depressed, restricted, and tearful. *PAGEID* 587-91. According to Dr. Schottenstein, plaintiff was "nervous, worried, tense on a regular basis." *Id*. Dr. Scottenstein opined that plaintiff was "grossly impaired" in her ability to remember, understand, and follow directions; maintain attention; and sustain concentration, persist at tasks, and complete them in a timely fashion. *PAGEID* 588. Plaintiff was "grossly impaired" in adaptation, "impaired" in social interaction, and had a "very substantial impairment in her ability to focus." *PAGEID* 587-88. According to Dr. Schottenstein, plaintiff

4

would react to the pressures of simple and routine or repetitive tasks with "severe decompensation." *PAGEID* 588.

On March 29, 2012, Dr. Schottenstein completed a mental residual functional capacity questionnaire, which is only partially legible. *PAGEID* 661-63. Dr. Schottenstein assigned a global assessment of functioning score ("GAF") of 50[1] and diagnosed major depression. *PAGEID* 661. Dr. Schottenstein opined that plaintiff would be unable to meet competitive standards in her ability and aptitude to understand and remember detailed instructions, carry out detailed instructions, set realistic goals or make plans independently of others, and deal with the stress of semiskilled and skilled work. *PAGEID* 662.

Mel Zwissler, Ph.D., reviewed the record and, on September 4, 2010, completed a psychiatric review technique form. *PAGEID* 612-25. Dr. Zwissler found that there was insufficient evidence to make a medical disposition. *Id*.

Leigh Thomas, M.D., reviewed the record and, on September 15, 2010, completed a physical residual functional capacity assessment. *PAGEID* 626-33. According to Dr. Thomas, plaintiff could occasionally

---

[1] "The GAF scale is a method of considering psychological, social, and occupational function on a hypothetical continuum of mental health. The GAF scale ranges from 0 to 100, with serious impairment in functioning at a score of 50 or below. Scores between 51 and 60 represent moderate symptoms or a moderate difficulty in social, occupational, or school functioning . . . ."

*Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 436 n.1 (6th Cir. 2012).

5

lift 50 pounds, frequently lift 25 pounds, stand and/or walk for about six hours in an eight-hour workday, and sit for about six hours in an eight-hour workday. *PAGEID* 627. Plaintiff could never climb ladders, ropes, or scaffolds, and could occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl. *PAGEID* 628. Dr. Thomas opined that plaintiff "should avoid unprotected [heights] due to obesity." *PAGEID* 630.

Marianna Collins, Ph.D., reviewed the record and, on January 13, 2011, completed a psychiatric review technique form. *PAGEID* 634-47. Dr. Collins found that there was "insufficient evidence to make a decision regarding [plaintiff's] psychological impairments." *PAGEID* 634, 646.

David Brock, D.O., reviewed the record and, on January 31, 2011, found that "there is insufficient evidence on which to base a medical opinion of work-related function." *PAGEID* 648.

The record contains a mental residual functional capacity questionnaire in Exhibit 14F. *PAGEID* 669-77. However, the questionnaire appears to be incomplete and does not indicate who completed the questionnaire or when it was completed.

**III. Administrative Decision**

The administrative law judge found that plaintiff "has the following medically determinable impairments: history of adenopathy, fibromyalgia (though not documented as required under the standards found in SSR 12-2p), obesity, and sleep apnea." *PAGEID* 63. At step

two of the sequential evaluation, the administrative law judge found that plaintiff "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments." *Id*. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from October 15, 2008, through the date of the administrative decision. *PAGEID* 66-67.

**IV. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v.*

7

*Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

In her *Statement of Errors*, plaintiff argues that the administrative law judge erred in finding that plaintiff does not have a severe impairment. *Statement of Errors*, pp. 4-5. A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Basic work activities include "the abilities and aptitudes necessary to do most jobs," including physical functions "such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." 20 C.F.R. § 404.1521(b)(1). The United States Court of Appeals for the Sixth Circuit has held that an impairment is not severe only if it is a "'slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.'" *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89-90 (6th Cir. 1985) (quoting *Brady v. Heckler*, 724 F.2d 914, 920

8

(11th Cir. 1984)).  The burden is on the claimant to establish the existence of a severe impairment.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  Nevertheless, if the effect of the claimant's impairments is not clear, the administrative law judge should continue the five-step evaluation.  SSR 85-28, 1985 WL 56856 (Jan. 1, 1985).  The goal of the step-two severity inquiry is "to screen out totally groundless claims."  *Farris*, 773 F.2d at 89.

In determining that plaintiff does not have a severe impairment, the administrative law judge considered the factors set forth in 20 C.F.R. § 404.1521 and considered, *inter alia*, plaintiff's credibility and the opinion evidence.  The administrative law judge found that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with finding that [plaintiff] has no severe impairment."  *PAGEID* 64.  The administrative law judge accorded "great weight" to the opinions of state agency psychologist Dr. Zwissler and state agency physician Dr. Collins, "less weight" to the opinions of treating physicians Dr. Schottenstein and Dr. Curren, "less weight" to the opinion rendered by the unidentified source in Exhibit 14F, and "little weight" to the opinion of state agency physician Dr. Thomas.  *PAGEID* 65-66.

Dr. Thomas reviewed the record and completed a physical residual functional capacity assessment on September 15, 2010, *PAGEID* 626-33, and opined that plaintiff could occasionally lift 50 pounds,

9

frequently lift 25 pounds, stand and/or walk for about six hours in an eight-hour workday, and sit for about six hours in an eight-hour workday. *PAGEID* 627. Plaintiff could never climb ladders, ropes, or scaffolds, and could occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. *PAGEID* 628. Dr. Thomas explained these findings as follows:

> Ct alleges disability due to sleep apnea, fibromyalgia, hypersomnolence, and hypothyroidism. 4/2/10 PE indicates ct obese, normal ROM, exhibits tenderness, no edema, spasm of lumbar and thoracic muscles, mult pos trigger points, no effusion or crepitus. Ct has normal gait. Ct dx with hypersomnolence tx with meds and fibromyalgia treated with meds. 8/2009 indicates hypothyroid and hip pain.

*PAGEID* 627-28. Dr. Thomas further opined that plaintiff "should avoid unprotected [heights] due to obesity." *PAGEID* 630.

As a physician who did not examine plaintiff but who provided a medical opinion in this case, Dr. Thomas is properly classified as a nonexamining source. 20 C.F.R. § 404.1502 (A nonexamining source is "a physician, psychologist, or other acceptable medical source who has not examined [the claimant] but provides a medical or other opinion in [the claimant's] case."). An administrative law judge is required to evaluate every medical opinion, regardless of its source. 20 C.F.R. §§ 404.1520b, 404.1527(b). When evaluating the opinion of a state agency reviewing physician such as Dr. Thomas, the administrative law judge should consider factors "such as the consultant's medical specialty and expertise in [the Commissioner's] rules, the supporting evidence in the case record, supporting explanations the medical or

10

psychological consultant provides, and any other factors relevant to the weighing of the opinions." 20 C.F.R. § 404.1527(e)(2)(ii). "Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical . . . consultant," "as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources." *Id*.

The administrative law judge evaluated Dr. Thomas's opinion as follows:

> The undersigned grants little weight to the State agency's September 2010 analysis and opinion finding the claimant limited to medium exertional activity due to fibromyalgia, as the claimant's fibromyalgia has not been adequately established under SSR 12-2p (which was not in effect when the RFC was prepared), and as the claimant's activities of daily living after the alleged onset date are materially inconsistent with a finding that the medically determinable impairments have been severe since the alleged onset date (Exhibit 8F).

*PAGEID* 65. The administrative law judge mis-characterized Dr. Thomas's opinion as a "limit[ation] to medium exertional activity due to fibromyalgia." Dr. Thomas did not base plaintiff's limitations only on plaintiff's fibromyalgia. *See PAGEID* 627-28. Rather, Dr. Thomas noted a number of impairments and objective findings as evidence in support of his opinion that plaintiff was capable of a *reduced* range of medium work. *Id*. Moreover, Dr. Thomas expressly found that plaintiff should avoid all exposure to unprotected heights because of her obesity. *PAGEID* 630. The administrative law judge made no mention of Dr. Thomas's opinion that plaintiff would have some

11

functional limitation as a result of her obesity, and there is no indication that plaintiff's activities of daily living are inconsistent with that functional limitation.  The Court therefore concludes that the administrative law judge's evaluation and rejection of Dr. Thomas's opinion is not supported by substantial evidence.

The step-two severity determination is a *de minimis* hurdle in the disability determination process.  *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).  "Under the prevailing *de minimis* view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Id*. (citing *Farris*, 773 F.2d at 90). "Under this standard, the question in the present case is whether there is substantial evidence in the record supporting the ALJ's finding that [plaintiff] has only a 'slight' impairment that does not affect her ability to work." *Farris*, 773 F.2d at 90.  Dr. Thomas (and other physicians) opined that plaintiff experiences functional limitations as a result of her impairments.  Because the administrative law judge mis-characterized Dr. Thomas's opinion when he assigned it little weight, his evaluation of that opinion is not supported by substantial evidence.  The administrative law judge's determination that plaintiff does not have a severe impairment, which is premised at least in part on the rejection of Dr. Thomas's opinion, is therefore also unsupported by substantial evidence.

It is accordingly **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** to the Commissioner of Social Security for further proceedings consistent with the foregoing.[2]

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district

---

[2] Having concluded that the action must be remanded on this basis, the Court need not and does not address plaintiff's remaining arguments.

13

court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


December 2, 2014                               *s/Norah McCann King*
                                            Norah M$^c$Cann King
                                       United States Magistrate Judge

14